IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:07CR240 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |
| LUCAS E. DEMLING, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 65) filed by the Defendant, Lucas E. Demling.  The motion is supported by a brief (Filing No. 66).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Demling was found guilty of a one-count Indictment charging him with bank robbery. (Filing No. 34.)  His guideline range was 130-162 months based on a total offense level of 27 and placement in criminal history category VI.  He was sentenced to 145 months imprisonment and 3 years supervised release.  (Filing No. 43.)  Demling filed a direct appeal.  The Eighth Circuit concluded that the evidence was sufficient to support his conviction and affirmed this Court's judgment.

In his § 2255 motion, Demling argues: lay testimony identifying him as the robber was improper, and trial counsel was ineffective for not objecting; trial counsel was ineffective for not presenting a picture taken of him the day before the robbery; and he was denied due process at sentencing by having his allocution precede the Court's statement that it received evidence in chambers before the hearing.

## DISCUSSION

In order to establish ineffective assistance of counsel, Demling must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### I.   *Lay Testimony*

Demling refers to the trial testimony of Detective Joe Zoeller of the McLean County, Illinois, sheriff's office and a McLean County probation officer, Jody Cooper, in arguing that his attorney was ineffective for not objecting to the expert testimony as "impermissible lay expert" testimony. (Filing No. 66, at 5.) This argument was raised on appeal as part of the sufficiency-of-the-evidence issue. The Eighth Circuit Court of Appeals stated that it cannot review a trial witness's credibility, leaving that task to the jury. (Filing No. 59, at 4.)

Both Detective Zoeller and Cody testified that prior to the robbery they had frequent and significant contact with Demling, and they identified him as the robber from

surveillance photographs. Defense counsel cross-examined each witness thoroughly and had no basis to object to either witness's testimony as "impermissible lay testimony." Demling cannot prove either prong of the *Strickland* test, and the claim is summarily denied.

## II.     *Failure to Introduce Evidence*

Demling argues that his attorney was ineffective for failing to introduce into evidence two photographs of him taken the day before the robbery showing him with short brown hair. According to Demling, because the robber had long blond hair these missing photographs would have proved or helped prove his innocence.

Demling attached black and white copies of the photographs. One photograph appears to depict a man with short hair, and the hair color appears darker than light blonde but is otherwise indistinguishable. The other photograph depicts five people. It is unknown which person allegedly is Demling, and the hair color of all five persons appears to be light.

Hair color and length are easily changed or disguised. Even assuming that the original photographs to which Demling refers show him with short brown hair, this evidence would not prove that he was not the bank robber. Therefore, Demling cannot prove either prong of the *Strickland* test, and this claim is summarily denied.

## III.    *Allocution; Evidence Received in Chambers*

Demling argues that he was offered the chance for allocution before he was told that evidence, *i.e.*, letters, had been received in chambers before the hearing. Demling argues that the letters might have been negative, and he was denied the opportunity to see them and address their contents.

3

Before asking for allocution, the Court stated:

> THE COURT: I'll hear allocution beginning with Ms. Shanahan. And I will note, Ms. Shanahan, that I did read through all of the letters that you brought into chambers, so I am aware of the information provided in those letters and the support that Mr. Demling has from family and friends.

(Filing No. 53, at 273:15-20.)

During defense counsel's allocution, Ms. Shanahan stated:

> The letters that the Court received, very important ones from his family and a large number of friends and community support individuals that know the Demling family, that know Lucas from the time he was a young child, and other relatives, some of those individuals have suffered from addiction problems themselves so they can look at Lucas, I think, with a little better perspective than those who have not had those types of issues as well as the mental health.

(Filing No. 53, at 274:24-275:6.)

Then the Court's exchange with Demling followed:

> THE COURT: Thank you, Ms. Shanahan. Mr. Demling, is there was anything that you would like to say today in connection with the sentencing?
>
> THE DEFENDANT: No, m'am.
>
> THE COURT: All right. I have read the letter you presented, as well as the letters from all of the rest of your family members and friends who sent in letters.

(*Id.*, at 279:23-280:3.)

Finally, regarding the content of the letters, in providing its statement of reasons for the sentence the Court stated:

> THE COURT: . . . .
> I don't believe that Mr. Demling is a bad person or an evil person. I accept the information in the letters that have been provided as accurate. And I recognize that Mr. Demling has many good qualities.

(*Id.*, at 281:21-24.)

4

Addressing Demling's argument, the letters were not offered into or received as evidence. He assumes that their content is negative. However, nothing in the record reflects his assumption. On the contrary, the Court refers indirectly to positive opinions expressed in the letters. Finally, even assuming that Demling is correct that the letters included negative content, he was well aware before his opportunity for allocution that the Court had received letters of support from friends and family. This argument has no basis in law or fact. Demling cannot prove either prong of the *Strickland* test, and the claim is summarily denied.

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 65);

2. Upon initial review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 7th day of October, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge